IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| MASON FREDRICK, individually and on behalf of all others similarly situated, | No. 87580-9-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| SKAGIT COUNTY PUBLIC HOSPITAL DISTRICT NO. 2 D/B/A ISLAND HEALTH, a Public Hospital District, | |
| Respondent. | |

BOWMAN, A.C.J. — Mason Fredrick filed a class action lawsuit against Skagit County Public Hospital District No. 2 d/b/a Island Health (Island Health), alleging it violated Washington's wage requirements and labor standards under the Washington Minimum Wage Act (MWA), chapter 49.46 RCW, and chapter 49.52 RCW by using an unlawful time-rounding policy for wages and failing to provide sufficient meal periods. Island Health moved to dismiss Fredrick's complaint and compel arbitration under a collective bargaining agreement's (CBA's) grievance procedure. The trial court granted the motion. We accepted discretionary review of whether Fredrick's statutory claims fall within the scope of the CBA's grievance procedure. Because they do not, we reverse the trial court's order dismissing the lawsuit and compelling arbitration and remand for further proceedings.

FACTS

On October 8, 2020, Island Health and representatives from its "Diagnostic Imaging Technologists/Technicians" team executed a CBA. The purpose of the CBA was to establish standards for wages, hours, and other employment conditions. A provision governing employees' work schedules states that the "normal workday shall consist of eight (8) hours of work within eight and one-half (8 ½) consecutive hours." Another provision provides that overtime "shall be computed to the nearest one quarter hour." The CBA also says that "[e]mployees shall receive an unpaid meal period of one half hour during each shift and a paid rest period of fifteen (15) minutes in each four (4) hour period of work." The CBA provides a four-step grievance procedure and defines "grievance" as an "alleged breach of the terms and conditions of the [CBA]." It states that "[i]f any such grievance arises during the term of the [CBA], it shall be submitted to the [four-step] grievance procedure," which includes final binding arbitration.

In July 2022, Fredrick began working at Island Health as a computed tomography (CT) technician.[1] In April 2023, she gave formal notice of her resignation. On September 5, 2024, Fredrick filed a class action lawsuit against Island Health, alleging it willfully failed to pay employees their owed wages by using an unlawful time-rounding policy and willfully failed to provide second meal periods to employees who worked shifts greater than 10.5 hours. She alleged that the practices violated several Washington laws, including the MWA, chapter

---

[1] The parties to the CBA included CT technicians.

2

49.52 RCW (wages), and WAC 296-126-092 (meal periods). Island Health moved to dismiss Fredrick's complaint and compel arbitration, arguing that her claims fall within the scope of the CBA's grievance procedure. Fredrick opposed the motion, arguing the CBA does not bind the parties and, in any event, does not apply to her statutory claims.

On November 20, 2024, the trial court granted Island Health's motion to dismiss and compel arbitration. It found that the CBA is valid and binding on the parties and determined that Fredrick's claims implicate the CBA's terms governing meal breaks, overtime, and payment of wages, so they fall within the scope of the grievance procedure. It concluded that the claims are subject to arbitration under the CBA and dismissed them for lack of subject matter jurisdiction.

On June 26, 2025, Fredrick sought discretionary review under RAP 2.3(b)(2).[2] On August 7, a commissioner of this court granted discretionary review of "whether the CBA's grievance provisions apply to her statutory claims."[3]

ANALYSIS

Fredrick argues the trial court erred by dismissing her complaint and compelling arbitration because her statutory wage and meal break claims are outside the scope of the CBA's grievance procedure. We agree.

---

[2] Fredrick first appealed on December 13, 2024. On January 16, 2025, she moved this court to determine appealability, arguing that "she has an appeal as of right under RAP 2.2." On January 28, a commissioner of this court determined that the order compelling arbitration "is subject only to discretionary review."

[3] The commissioner did not grant review on whether the CBA lacked mutual assent but ruled in a footnote that "Fredrick may brief the issue, and a panel of judges who consider this matter may address it if and as appropriate." While Fredrick briefed the issue, we decline to address it.

We review a trial court's order granting a motion to compel arbitration de novo. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 797, 225 P.3d 213 (2009). To determine whether an arbitration provision is enforceable, we must consider "whether the agreement encompasses the claims asserted." *Wiese v. Cach, LLC*, 189 Wn. App. 466, 474, 358 P.3d 1213 (2015). Arbitration clauses in CBAs differ from arbitration clauses in bilateral employment contracts, particularly as applied to statutory rights. *Jeong Lee v. Evergreen Hosp. Med. Ctr.*, 7 Wn. App. 2d 566, 577, 434 P.3d 1071 (2019), *aff'd*, 195 Wn.2d 699, 464 P.3d 209 (2020).

An arbitration agreement in a CBA does not encompass statutory claims "unless the waiver of an employee's right to [a] judicial forum for such claims is 'clear and unmistakable.' " *Cox v. Kroger Co.*, 2 Wn. App. 2d 395, 404, 409 P.3d 1191 (2018) (quoting *Brundridge v. Fluor Fed. Servs. Inc.*, 109 Wn. App. 347, 355, 35 P.3d 389 (2001)). A waiver of the right to a judicial forum is clear and unmistakable if the CBA includes either (1) "an explicit arbitration clause wherein the parties agree to submit all causes of action arising out of employment to arbitration" or (2) "a general clause requiring arbitration under the employment agreement, coupled with a provision that makes it unmistakably clear that the statutes that are the basis for the asserted claims . . . are part of the agreement." *Brundridge*, 109 Wn. App. at 355. While a labor arbitrator can resolve contractual disputes, it has no authority to invoke public laws outside the parties' agreement. *Id.* at 356.

Our decision in *Jeong Lee* is instructive here. In that case, an emergency room nurse at Evergreen hospital filed a class action lawsuit against the hospital, alleging it denied nurses their statutorily guaranteed rest and meal breaks. 7 Wn. App. 2d at 570-71. The hospital moved to compel arbitration under a CBA, and the court denied the motion. *Id.* at 571. We affirmed. *Id.* at 571, 587. We determined that the CBA's grievance process "makes no reference of any kind to any statute or to statutory rights." *Id.* at 579. And "no part of the CBA explicitly waives [the plaintiff]'s ability to enforce her statutory rights in court." *Id.* So, we concluded that the CBA "does not clearly and unmistakably waive [the plaintiff]'s ability to bring individual statutory claims in court." *Id.* at 580.

Here, like in *Jeong Lee*, the CBA has no explicit arbitration clause encompassing all causes of action arising out of employment. Instead, the CBA's grievance procedure applies to only an "alleged breach of the terms and conditions of the [CBA]." And Fredrick does not allege a breach of the terms and conditions of the CBA. Instead, she alleges, among other things, that Island Health violated the MWA and chapter 49.52 RCW by unlawfully rounding employees' time and failing to provide second meal periods to employees working a shift over 10.5 hours. The CBA has no provisions that address rounding employees' time outside the context of overtime or that govern meal breaks for shifts greater than 10.5 hours.

Island Health argues that *Jeong Lee* does not apply here because the CBA is unmistakably clear that CT technicians agreed to meal breaks and wage

5

policies different from the statutory standards.[4]  According to Island Health, the CBA's language that "[e]mployees shall receive an unpaid meal period of one half hour during each shift" encompasses all shifts, no matter their length.  But the CBA does not define "shift," leaving it unclear whether the parties agreed to only one half-hour meal break for any shift.  Island Health also contends Fredrick's time-rounding claims fall within the scope of the CBA's "Work Schedule and Overtime" section.  But no provision addresses the use of time-rounding policies separate from overtime.  So, it is not unmistakably clear that the CBA encompasses the statutory basis of Fredrick's claims.

Because no language in the CBA clearly and unmistakably waives Fredrick's right to bring her statutory claims in a judicial forum, we reverse the trial court's order dismissing her lawsuit and compelling arbitration and remand for further proceedings.

_____, ACJ

WE CONCUR:

_____  
Feldman, J.

_____  
Díaz, J.

---

[4] Under RCW 49.12.187(2), public employees may enter CBAs that vary from or supersede statutory rules about meal periods.